Gerald **BERGER**, a minor, by his parents and natural guardians, David Berger and Joan Berger, and David Berger and Joan Berger, in their own right

v.

Lewis F. **MILLER**, individually and trading as Camp Indian Trails.

Civ. A. No. 29684.

United States District Court
E. D. Pennsylvania.

May 12, 1965.

must be that custom which obtains under the same or similar circumstances. To permit evidence of custom under circumstances different from those being considered by the jury is to permit an irrelevancy. Under the situation here, the admission of the evidence was error and prejudicial to the plaintiffs. Plaintiffs' motion for a new trial will be granted.

Bellis, Kolsby & Poplow by Stanley M. Poplow, Philadelphia, Pa., for plaintiffs.

Harper, George, Buchanan & Driver, by Ralph P. Higgins, Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

This is an action to recover damages for personal injuries sustained by the minor plaintiff during a basketball game on an outdoor court at a summer camp. The injuries occurred when the minor plaintiff, in attempting a shot at the basket, lost control of the ball and in an attempt to regain it, lost his balance. His momentum carried him over the end line (behind the basket) and onto a wall. The wall was five feet one inch beyond the end line and starting at ground level, sloped evenly upward to a maximum height of two feet eight inches. Plaintiffs' theory was that it was negligence to construct a court with a wall of the type described that close to the end line.

To rebut plaintiffs' evidence, defendant introduced a series of pictures showing basketball courts with back walls constructed close to the end line. We think the admission of these pictures and the accompanying testimony was error. The pictures were admitted on the theory of custom. However, in our view, the conditions in the pictures were completely different from the conditions at defendant's camp. They showed full height walls or fences near the end line, not a wall with a maximum height of two feet eight inches. The former could well serve as a safety factor to brace the young player overrunning the end line. The latter is more like a rope stretched across a path to trip the unwary. Custom or usage, in order to have relevance,